## A. Y. McAFFEE *v.* RURRACK & SMITH.

[Abstract Kentucky Law Reporter, Vol. 1—347, as *McAfee v. Rurrack.*]

**Continuance to Secure Testimony.**

> There is no abuse of discretion in refusing a continuance of a trial to enable a litigant to secure evidence, where it is shown that the witnesses resided in a neighboring county; and the fact that notice was given, and the depositions of such witnesses were not taken because the witnesses desired the presence of plaintiff's assignor, does not show diligence such as is required.

**Attorney's Lien.**

> After a suit in attachment is filed and an attachment is levied on the property, a lien by an attorney in a suit on a note is subordinate to the attachment lien.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

October 27, 1880.

OPINION BY JUDGE COFER:

There does not appear to have been an abuse of discretion in overruling appellant's motion for a continuance. The answer of appellee

to the cross-petition of the appellant was filed September 19, 1877. In that answer it was denied that his assignor was counsel for Moss in the suit against Merrill, and it was also denied that he had a lien on the land for his alleged fee as an attorney in that case. The cause was submitted in February, 1878.

The witnesses whose depositions were desired resided in a neighboring county. The fact that notice was given and the 'depositions were not taken because the witnesses desired the presence of the appellant's assignor does not show that there was such diligence as the law requires. Notice to take the depositions seems not to have been given until February 11. This was only a few days before the commencement of the term of court, and no reason is given for delaying the matter until so late a day.

On the merits there seems to be no serious difficulty. The fact that A. L. McAfee was attorney for Moss in the suit against Merrill having been denied, and not being proven, the appellant failed to establish an attorney's lien. If it be conceded that he acquired a lien in the suit on the note, that was after the appellee's suit was commenced and their attachment levied on the land, and the lien was therefore subordinate to the attachment lien, so that the appellant's case fails without reference to the question whether the appellees had a lien in virtue of their purchase under the execution in favor of Tilford.

Wherefore the judgment is *affirmed.*

*William Lindsay, A. L. McAffee, for appellant.*

*J. S. Bronaugh, for appellees.*